UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

JAN ROYER,

Defendant.

10-CR-905

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On January 4, 2011, Jan Royer pled guilty to the sole count of a single-count information. The information charged that in and between April 2006 and April 2008, within the Eastern District of New York and elsewhere, Royer, together with others, knowingly and intentionally conspired to devise a scheme and artifice to defraud and to obtain money and property by means of materially false pretenses, representations, and promises, and that for the purposes of executing the scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1349.

Royer was sentenced on August 27, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 20 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between thirty-three and forty-one months. The offense to which Royer pled guilty carries a maximum term of imprisonment of thirty years. *See* 18 U.S.C. § 1343. The maximum fine that could have been imposed was $1,000,000. *See id.*

Royer was sentenced to three years' probation. A special assessment of $100 was imposed. Forfeiture in the amount of $53,000—consented to by the defendant—was ordered. Restitution in the amount of $1,516,393.40 was ordered. Royer was not required to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. Royer aided his coconspirators in defrauding individuals and banks. He helped recruit "straw" buyers with good credit scores. The personal and financial information of these straw buyers was used to submit loan applications to various banks and mortgage companies; the applications submitted, however, were replete with false statements principally designed to inflate the size of the loans that were fraudulently obtained. The loan proceeds were eventually deposited into accounts controlled by the coconspirators, and few payments were made. The straw buyers and financial institutions suffered great harm as a result of the fraudulent scheme.

Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is fifty-six years old and is a citizen of Trinidad. He was raised by loving parents in comfortable economic circumstances. He was close with his parents—they are deceased—and remains close with his siblings. He moved from Trinidad to the United States in 1980, and has fathered seven children since his arrival. He is currently married. His health is poor.

Defendant provided substantial cooperation to the federal government after becoming involved with his coconspirators. The government was able to make cases against numerous defendants—and avert future harm—because of his unflagging and thorough help. At sentencing, the government joined with defense counsel in requesting a non-custodial sentence.

A sentence of probation and the financial penalties imposed serve to reflect the seriousness of the offense, will promote respect for the law, and will provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the financial penalties imposed. Specific deterrence is of less importance in this case, as the defendant appears extremely remorseful for his criminal behavior.

Jack B. Weinstein
Senior United States District Judge

Dated: August 28, 2012
Brooklyn, New York